UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert J. Schoenfeld; and<br>Alicia Schoenfeld,<br><br>                Plaintiff,<br><br>vs.<br><br>John Donoghue,<br><br>                Defendant(s). | ) C/A 4:07-617-RBH-TER<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>) |

_____

      Plaintiffs, who are residents of Florida, have filed this civil action pursuant to 28 U.S.C. § 1332 against a North Carolina defendant. Under the provisions of 28 U.S.C. § 636, and Local Civil Rule 73.02 DSC, this magistrate judge is authorized to review all pretrial matters in litigation brought by persons proceeding *pro se* and submit findings and recommendations to the District Court.

      Apparently, Plaintiffs entered into a contract in January 2006 to purchase a Ford dealership from Defendant. Plaintiffs allege they signed the contract because they were told the capital requirement for obtaining the property was $300,000.00. Plaintiffs further allege that Ford Motor Credit required $805,909.00 to obtain the property. Plaintiffs claim they would not have entered into the contract if they had known the true capital requirements to purchase John Donoghue Ford. Plaintiffs maintain they were misled and therefore unnecessarily invested time and money. Plaintiffs seek $43,599.74 in restitution.

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W.

4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

Any state law causes of action, such as an action on a contract would be cognizable in this court under the diversity statute, *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, (4th Cir., November 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

(1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). Although the plaintiffs and the defendant are diverse, this court has no diversity jurisdiction because the alleged amount in controversy ($43,599.74) does not meet or exceed the jurisdictional requirement of the diversity statute. The plaintiffs are not without a forum: they may file suit against the defendant in state court.

Another issue which must be addressed is whether Plaintiffs should be required to pay the filing fee, or whether their financial condition justifies waiver of the filing fee. Plaintiffs have filed an Application to Proceed Without Prepayment of Fees and Affidavit (AO Form 240), also known as an application to proceed *in forma pauperis*. In their application, plaintiffs report income of approximately $3900.00 a month. They further state that they have no dependants. This information raises serious questions over the application to proceed without prepayment of fees.

A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.,* 335 U.S. 331, 337-44 (1948) (unanimous decision) (Black, J.). Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). One district court has observed that the appropriate disposition of § 1915 applications is not always clear: " '[T]here are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.' " *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quoting *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972), aff'd, 479 F.2d 1044 (5th Cir. 1973) (per

curiam)).

In *Carter*, the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests that courts have used to evaluate *in forma pauperis* applications, in exercising their discretion under 28 U.S.C. § 1915(a):

(1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"

(2) Is his "access to the courts blocked by the imposition of an undue hardship?"

(3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). *See* also *Failor v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and *Thomas v. Califano*, 79 F.R.D. 14, 14-15 & n.2 (M.D. Pa. 1978). Upon a review of all the information before the Court, mindful of the tests set forth in *Carter*, it does not appear that Plaintiffs would be barred from federal court because they simply do not have the money for the filing fee, nor that paying that fee would effectively block their access to the courts by imposing on them an "undue hardship," nor that the fee would wring from them their last dollar or essentially render them destitute. Hence, Plaintiff's application to proceed in forma pauperis must be denied.

# RECOMMENDATION

It is recommended that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction and the Application to Proceed Without Prepayment of Fees be **denied**.

                                                s/Thomas E. Rogers, III  
                                                Thomas E. Rogers, III  
Florence, South Carolina                      United States Magistrate Judge  
April 13, 2007

***Plaintiffs' attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).